IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,                    :
              Appellant    :
                               :
        v.                          :
                               :    No. 108 C.D. 2019
City of Easton Police Department    :    Submitted: August 2, 2019


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: October 31, 2019


Thomas W. Olick (Olick) appeals *pro se* from the order of the Court of Common Pleas of Northampton County (trial court) dated August 27, 2018 denying his motion for sanctions against the City of Easton Police Department (Police). In denying sanctions, the trial court rejected Olick's claim that the Police did not comply with an earlier trial court order requiring the Police to produce documents Olick requested in discovery. Because we conclude that the trial court's August 27, 2018 order is interlocutory, we quash this appeal.

Olick commenced this matter on January 17, 2017 by filing a "Complaint/Enforcement of a Final Determination" (Complaint) with the trial court. In his Complaint, Olick alleged that the Police failed to disclose records as ordered by the Office of Open Records (OOR) in response to two requests he made on August 13 and 14, 2015 pursuant to the Right-to-Know Law (RTKL), Act of

February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.  Complaint ¶¶ 3-6.  Olick alleged that the OOR gave the Police 30 days to appeal its final determination and that the Police did not appeal it, and therefore, the Police waived any objections to it.  *Id*.  ¶¶ 7-9.  Olick further alleged that the Police failed to produce documents he requested in response to a subpoena issued in a case pending before a magisterial district judge, which "sought the same records noted in the [RTKL] [r]equests."  *Id*. ¶ 18.

Because the Police failed to comply with the OOR's final determination and the subpoena, Olick alleged that the Police acted in "bad faith" and that he, as the plaintiff, "is entitled" to receive the RTKL statutory penalties.[1]  Complaint ¶ 26. Olick sought an order from the trial court directing the Police to (1) produce "in entirety" all records sought; (2) an award of damages in the amount of $1,500 plus $500 per day beginning on August 13, 2015 [the day of Olick's first record request] and continuing until payment is fully received in full for each of the RTKL requests; and (3) for the court to grant "any other relief" it deems to be "just and proper."  *Id*.

After the pleadings closed, on March 11, 2017, Olick served his "First Set of Discovery Request [sic]" on the Police seeking documents relating to the incident reports referenced in the RTKL requests and documents relating to the

---

[1] Section 1305 of the RTKL provides for civil penalties as follows:

> (a) Denial of access. – A court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith.
> (b) Failure to comply with court order. – An agency or public official who does not promptly comply with a court order under this act is subject to a civil penalty of not more than $500 per day until the public records are provided.

65 P.S. § 67.1305.

subpoena issued by a magisterial district judge. *See* Plaintiff Thomas W. Olick's First Set of Discovery Request. The Police responded that: it previously produced the requested documents; it did not produce documents relating to a particular incident because they are not relevant to Olick; and it represented that it is not aware of a "subpoena issued" by the magisterial district judge. *See* Defendant, City of Easton Police Department's Objections and Responses to Plaintiff's Request for Production of Documents. On July 10, 2018, Olick filed a motion to compel discovery with the trial court alleging that the Police failed to respond to his discovery request. The trial court issued an order, dated June 18, 2018, granting Olick's motion and ordered the Police to "produce the requested discovery materials within 10 days of the date of this Order." Trial Court Order dated 6/18/18. The trial court explained that:

> Discovery is to be liberally allowed with respect to any matter, not privileged, that is relevant to the cause of action at issue. Here, [the Police's] only objection to providing the requested discovery is that it believes such documents have already been furnished to [Olick]. [Olick], for his part, contends that the documents he has received in the past are not fully responsive to his present request. [The Police have] made no further objections to the request, and, based upon the record before the Court, we believe that it is appropriate to grant [Olick's] motion at this time.

*Id.* By letter dated June 27, 2018, the Police stated it was "reproducing the discovery documents" that Olick requested. Supplemental Reproduced Record at 106B.

On July 10, 2018, Olick filed a motion for sanctions alleging that the Police failed to timely comply with the trial court's June 18, 2018 order which required production by June 28, 2018. Motion for Sanctions, p. 2. In his motion,

Olick asked the trial court to impose the "sanctions" provided by Section 1305 of the RTKL, including a fine of $1,500 per each of the files requested, that is $6,000, plus $500 a day beginning June 28, 2018 and "continuing thereafter" until all the documents are produced and received by Olick. *Id*. After a hearing on the matter, by order dated August 27, 2018, the trial court denied Olick's request for sanctions. Trial Court Order dated 8/27/18.

To support its order, the trial court made two findings relating to Olick's request for discovery. First, the trial court found that Olick's reference to a subpoena was "merely a subpoena issued upon" an individual employed by the Police who was directed to appear before the magisterial district judge for a summary trial in the matter of "*Commonwealth v. Thomas W. Olick*, docket number MJ-03205-NT-0000294-2015." *Id*. at 3. The trial court explained that the document being "a mere subpoena" could "never be the subject of an order to compel discovery, when it only directed the subpoenaed party . . . to bring to said hearing and produce ***to the court***" certain documents. *Id*. at 4 (emphasis in original).

Second, the trial court found credible the Police's representations, made through counsel, that the requested documents had already been produced to Olick. Trial Court Opinion dated 8/27/18 at 6. Though Olick asserted that the Police did not produce certain documents, the trial court found that Olick never requested the "allegedly missing documents." *Id*. After rendering its findings, the trial court reasoned that:

> In the absence of evidence of non-compliance with the [June 18, 2018 order], sanctions are not appropriate. Moreover, [the Police's] conduct clearly has not acted in bad faith related to [Olick's] requests, as [the Police] expressed a willingness to produce yet another set of the

4

requested documents in short order following the hearing
on the motion for sanctions if required to do so.

Trial Court Opinion dated 8/27/18 at 7.

On September 5, 2018, Olick appealed the trial court's order to this Court. On the same day, Olick filed a motion for reconsideration with the trial court, which the trial court denied. Trial Court Order dated 9/19/18. The trial court further concluded that on the issue of discovery sanctions, Olick did not meet his burden as he failed to produce evidence of bad faith or a willful violation of the trial court's June 18, 2018 order by the Police. *Id*.

Olick contends that this Court has jurisdiction to entertain his appeal because the trial court's August 27, 2018 order is a collateral order. The Police argue that the trial court's August 27, 2018 order is not a final order, but instead an interlocutory order, because it does not end the litigation and does not put the parties out of court. Police's Brief at 19 & 21; Pa.R.A.P. 341(a) (explaining that a final order is "any order that . . . disposes of all claims and of all parties" or "is entered as a final order").

As a general rule, litigants may only appeal final orders.[2] *Commonwealth v. Flor*, 136 A.3d 150, 154-55 (Pa. 2016). But Pennsylvania Rule of Appellate Procedure 313(a) provides that "an appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). To ascertain whether an order is a collateral order subject to our immediate appellate

---

[2] Olick does not appear to contest the assertion that the August 27, 2018 order is not final, as he titled his appeal as a "Notice of Collateral Order Appeal." Olick's Notice of Collateral Order Appeal filed 9/5/18. Further, in his briefs to this Court, Olick consistently argues that this matter is properly before the Court as a collateral order. Olick's Brief at 1 & Olick's Reply Brief at 3-4 & 17-18. Therefore, our analysis is focused on whether the trial court's August 27, 2018 order meets the exception to the final order rule, that is, whether it is appealable as a collateral order.

5

jurisdiction, the order must meet three requirements: "(1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost." *Flor*, 136 A.3d at 155 (quotations omitted); *see* Pa.R.A.P. 313(b). If the three-pronged test is not met, we have no jurisdiction to consider the order, in the absence of another exception to the final order rule, as it is an interlocutory order.[3] *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1125-26 (Pa. 2009). Because the collateral order is an exception to the general rule that only final orders are appealable, we must apply the test narrowly. *Flor*, 136 A.3d at 156. Upon review, we conclude that the August 27, 2018 order is an interlocutory order, not a collateral order, because the order does not meet all prongs of the collateral order test.

To meet the second prong of the test, the August 27, 2018 order must implicate a right "too important" to be denied review. Pa.R.A.P. 313(b). An order involves a right too important to be denied review only if it is "deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999). "[I]t is not sufficient that the issue be important to the particular parties." *Id.* Claims must be analyzed "in the context of the broad public policy interests that they implicate" and not "with respect to the specific facts of the

---

[3] Though certain interlocutory orders may proceed as a matter of right, Olick does not argue or assert that the August 27, 2018 order is such an order. Pa.R.A.P. 311(a) (providing that orders enumerated therein can be appealed as of right including, but not limited to, orders affecting judgments, attachments, changing criminal venue, injunctions, peremptory judgment in mandamus, new trials and partition). Further, Olick did not avail himself of the procedure to obtain permission to appeal from an interlocutory order pursuant to Chapter 13 of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 312 (stating, "[a]n appeal from an interlocutory order may be taken by permission pursuant to Chapter 13").

6

case." *Id*. Here, Olick fails to explain how the trial court's August 27, 2018 order implicates rights going beyond the particular litigation at hand.

Olick contends that he has a "basic significant right to obtain discovery to support *his* claims" against the Police and the trial court's order "effectively" denied *him* the "right to obtain material relevant evidence in discovery" and caused the Police to "ignore, without consequences" the trial court's June 18, 2018 order. Olick's Brief at 1 (emphasis added). Olick further asserts that *he* cannot receive a "full and fair trial on the merits" if the Police is "permitted to conceal material relevant evidence and/or discovery[.]" Olick's Brief at 2; Olick's Reply Brief at 4. But, Olick's arguments relate to how the order affects his particular case and he offers no analysis as to the broad public policy interests implicated by the order, which is insufficient to meet the second prong of the collateral order test. We conclude that the trial court's August 27, 2018 order is interlocutory due to Olick's failure to meet the second prong of the collateral order test.[4]

Accordingly, we quash Olick's appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[4] We need not address the other prongs of the collateral order test, as Olick cannot meet all three prongs. *See Flor*, 136 A.3d at 155.

The trial court's August 27, 2018 order did not dispose of Olick's underlying complaint requesting penalties under Section 1305 of the RTKL. As explained by the trial court, "[t]he imposition of penalties in accordance with Section 1305 might eventually be proper if [Olick] meets his burden of proving bad faith noncompliance with a final order on the merits of his OOR enforcement action, or some other bad faith denial of access in violation of the [RTKL]." Trial Court Opinion dated 9/19/18 at 5.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,              :
           Appellant        :
                             :
        v.                 :
                             :    No. 108 C.D. 2019
City of Easton Police Department   :

## O R D E R

AND NOW, this 31st day of October, 2019, the appeal in the above-captioned matter is QUASHED.

_____
CHRISTINE FIZZANO CANNON, Judge